IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 22-cv-725<br>) Magistrate Judge Maureen P. Kelly<br>) |
| v. | ) Re: ECF No. 47<br>) |
| COPELAND CORPORATION LLC, and THE HILLMAN COMPANY, | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM ORDER

Pending before the Court is a Motion for Leave to File Documents Under Seal filed on behalf of Plaintiff Travelers Casualty and Surety Company ("Travelers"). ECF No. 47. The Motion seeks to maintain the confidentiality of identified terms and provisions set forth in a 2008 Confidential Defense and Indemnity Agreement ("CHA") between Travelers and Copeland Corporations LLC ("Copeland"). Travelers contends that the terms and provisions are relevant to the Court's consideration of Copeland's Motion to Dismiss raising the absence of subject matter jurisdiction and *forum non conveniens*. Id.; see also ECF No. 16. Thus, Travelers seeks to file a redacted brief in opposition to the Motion to Dismiss omitting reference to specified terms of the CHA. Upon review of Travelers' Complaint, the CHA, and the Motion to Dismiss, the Motion for Leave to File Documents Under Seal is granted in part and denied in part.

As this Court explained in its Order dated August 11, 2022, and during the status conference held the same day, the United States Court of Appeals for the Third Circuit has unequivocally acknowledged a strong presumption in favor of public access for materials filed with the Court. See In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig., 924 F.3d 662, 670 (3d

1

Cir. 2019). The presumption may be overcome by a showing that "the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." Id. at 678.

In this case, it is apparent that the CHA is squarely at issue. To that end, Travelers' Complaint for declaratory and equitable relief expressly sets forth the existence of the CHA, the date it was executed, the date it was terminated, the terminating party, and certain provisions related to the pursuit of coverage litigation. ECF No. 1 ¶ 19, 20, 31, 32. In addition, Travelers alleges the involved insurance policies, policy periods, and policy limits for which claims have been presented, and that it has "paid its agreed-to share of Copeland's defense and indemnity costs for the Underlying Asbestos Claims pursuant to the CHA." Id. ¶¶ 12-12, 21.

Despite these allegations, Travelers contends that a redacted brief in opposition to the pending Motion to Dismiss is necessary to prevent public disclosure of "confidential information relating to the underlying asbestos lawsuits that are subject to the CHA, the timing and subject matter specifications of those underlying asbestos lawsuits…, the term of the CHA, and how and when the CHA may be terminated." ECF No. 47 at 2. Thus, Travelers seeks to prevent disclosure of four discrete provisions of the CHA that would purportedly "a) divulge information regarding underlying asbestos lawsuits that are subject to the CHA, b) disclose the process that goes in to deciding which underlying asbestos lawsuits are subject to the CHA, c) advise the reader of how and when the CHA can be terminated and d) reveal confidential portions of a negotiated compromise agreement." Id. Considering these broad assertions of harm, the Court requested and received a copy of the CHA for *in camera* review.

Upon review, the Court will address the need to protect each of the four provisions.

(1) Section 11.A (pp. 15-16) (related to a purported condition precedent to filing insurance coverage litigation under the Travelers' policies): Travelers has not set forth any basis for the Court to find that disclosure of this term would have a detrimental commercial impact or work any identifiable or specific harm to any party. Accordingly, the motion to seal Section 11.A is DENIED.

(2) Section 1.E (pp. 3-4) (related to the definition of "Asbestos Lawsuits"): Portions of Section 1.E shall be redacted only to the extent the provisions contained therein are not also conditions of coverage under the policies previously filed on the public docket of this matter and have not been otherwise waived by the parties. For example, a condition of coverage in the policy at ECF No. 1-2 is notice to Travelers of a lawsuit. Thus, redaction of the exclusion from the definition of "Asbestos Lawsuits" any lawsuits for which notice was not given is not required absent evidence that the notice provision is waived by the CHA. However, to the extent portions of Section 1.E contain information related to covered or excluded entities, claims, and lawsuits, disclosure may provide information that could be used by potential claimants to tailor a lawsuit to fit within the terms of the CHA and thereby result in unforeseen economic harm to the parties. Accordingly, the motion to seal references to Section 1.E is granted for information not otherwise contained in policies filed on the public docket of this matter.

(3) Sections 1.J (p. 6) and 1.K (p. 6) (related to the effective date and termination date of the CHA): Disclosure of these provisions will not result in any identifiable harm sufficient to justify redaction. The Complaint in this action plainly sets forth the date the CHA was executed and the date it was terminated, and Travelers has not provided

any basis for the Court to redact the effective date of the Agreement. The motion to seal Sections 1.J and 1.K is DENIED.

Accordingly, as set forth herein, IT IS HEREBY ORDERED this 12th day of August, 2022, that Travelers Casualty and Surety Company's Motion to File Confidential Portions of its Response in Opposition to Motions to Dismiss Under Seal, ECF No. 47, is granted in part and denied in part.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF